IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JONATHAN RADFORD <br> (Dallas Cty. Jail Bookin No. 17053218), <br><br> Petitioner, <br><br> V. <br><br> 204TH DISTRICT COURT, <br><br> Respondent. | § § § § § § § § § § § | No. 3:17-cv-3085-L-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Jonathan Radford, a pretrial detainee at the Dallas County jail, has sent a letter to this Court concerning his state criminal proceedings, which the Court has construed as a habeas petition under 28 U.S.C. § 2241. *See* Dkt. No. 3. This resulting action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Sam A. Lindsay. The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss the construed habeas petition without prejudice to Radford's right to pursue available state court remedies.

**Applicable Background**

According to his petition and Dallas County court records available online, in October 2016, Radford pleaded guilty to possession of methamphetamine, a state jail felony, received deferred adjudication, and was placed on community supervision. *See*

-1-

*State v. Radford*, No. F16-24153 (204th Jud. Dist. Ct., Dallas Cty., Tex.). In March 2017, he was arrested for possession of a prohibited weapon (a chemical dispensing device) and indicted for this offense, resulting in his being arraigned for violating his probation. *See State v. Radford*, No. F17-22234 (204th Jud. Dist. Ct., Dallas Cty., Tex.). The construed petition and the state court records reflect that Radford's competency has been an issue in the state criminal proceedings. And, liberally construed, the petition concerns challenges to those proceedings. *See, e.g.*, Dkt. No. 3 at 6 ("I ... am being held here at Lew Sterrett Jail ... for [prohibited weapon]. The actual item I possessed was a can of mace. I [have] been defrauded on this case.").

**Legal Standards and Analysis**

"Section 2241 is still 'available for challenges by a state prisoner who is not in custody pursuant to a state court judgment.' For example, prisoners 'in state custody for some other reason, such as pre-conviction custody, custody awaiting extradition, or other forms of custody that are possible without a conviction' are able to take advantage of § 2241 relief." *In re Wright*, 826 F.3d 774, 782 (4th Cir. 2016) (quoting *White v. Lambert*, 370 F.3d 1002, 1006 (9th Cir. 2004)).

And "[a] state pretrial detainee is entitled to raise constitutional claims in a federal habeas proceeding under § 2241 if two requirements are satisfied." *Ray v. Quarterman*, No. 3:06-cv-850-L, 2006 WL 2842122, at *1 (N.D. Tex. July 24, 2006), *rec. adopted*, 2006 WL 2844129 (N.D. Tex. Sept. 29, 2006).

Radford's incarceration in the Dallas County jail satisfies the initial "in custody" requirement. *See id.* But he must also exhaust "his available state remedies." *Id.* at *1

& n.1 (explaining that, "[d]espite the absence of an exhaustion requirement in the statutory language of § 2241, the courts have developed an exhaustion doctrine, holding that federal courts should abstain from the exercise of jurisdiction until the issues are resolved in state court"; citing *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987); *Braden v. 30th Judicial Circuit Ct of Ky.*, 410 U.S. 484, 489-92 (1973)); *see also Fain v. Duff*, 488 F.2d 218, 223 (5th Cir. 1973) ("With respect to collateral attack on convictions in state court, the requirement was codified in 28 U.S.C. § 2254(b), but the requirement applies to all habeas corpus actions.").

> State remedies are ordinarily not considered exhausted so long as the petitioner may effectively present his claims to the state courts by an currently available and adequate procedure. *Braden*, 410 U.S. at 489. This entails submitting the factual and legal basis of any claim to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir . 1982). A Texas pretrial detainee must present his claim to the Texas Court of Criminal Appeals. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985).
>
> A petitioner may be excused from the exhaustion requirement only if he can show "exceptional circumstances of peculiar urgency." *Deters*, 985 F.2d at 795. Absent exceptional circumstances, a pre-trial detainee may not adjudicate the merits of his claims before a judgment of conviction has been entered by a state court. *Braden*, 410 U.S. at 489.

*Ray*, 2006 WL 2842122, at *1; *see also Braden*, 410 U.S. at 493 ("Derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court" is not allowed.). Radford has failed to make this showing.

**Recommendation**

The Court should dismiss the pending habeas action without prejudice to Radford's right to pursue available state court remedies.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved p0arty from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 9, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE